THE STATE OF OHIO, APPELLEE, *v.*
BRONAUGH, APPELLANT.

(No. C-810310—Decided March 10, 1982.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. Daniel J. Breyer* and *Ms. Henrietta M. Bain,* for appellee.

*Ms. Ellen T. Wolf,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

The appellant, Caleb Bronaugh, was indicted on three counts of receiving stolen property pursuant to R.C. 2913.51 and on one count of aggravated burglary pursuant to R.C. 2911.11. His cause was tried to a jury which found him guilty of one count of receiving stolen property and not guilty of aggravated burglary. After the presentation of its case, the appellee, state of Ohio, withdrew two of the receiving stolen property counts from the jury's consideration. The lower court entered judgment and imposed sentence accordingly. The instant appeal timely followed.

The appellant assigns two errors, the second of which is dispositive and will be discussed first. The second error assigned by the appellant is that the lower court erroneously overruled "* * * appellant's pre-trial motion requesting new counsel and appellant's counsel's motion to withdraw as counsel." The appellant argues in support of this assignment that, where an accused and his counsel jointly make the request, the refusal of a court to order a continuance for the purpose of the acquisition of new legal counsel constitutes prejudicial error mandating reversal of a subsequent conviction.

The appellant's assignment is well taken.

At the hearing on these motions the lower court questioned both the appellant and his counsel about the necessity for new counsel. Although the lower court's rejection of the reasons given by the appellant himself for such necessity cannot be faulted, the court erred in concluding that the facts related by appellant's counsel did not establish good cause for his withdrawal.

Appellant's counsel stated that the appellant had refused to communicate and cooperate with him during the two weeks prior to the trial and that, resultantly, his preparation of the appellant's case was limited to the extent that he could not properly represent the appellant at trial. To the lower court's question whether he would do his duty as an officer of the court and as a lawyer to represent the appellant to the best of his ability and to see "* * * that he gets the due process he's entitled to," appellant's counsel responded:

"Your Honor, under the circumstances I don't think even if I stated I was willing to do that that I would be able to do that."

Appellant's counsel continued his argument by stating:

"I think in fairness to him, even though I agree with the Court that perhaps he's the one who is not communicating, he's still not communicating, Judge, and I would not say that I am

308

totally prepared for trial, because I have not been able to discuss the case with him as we came down to trial since the 16th when he indicated to the Court he didn't want me."

It is clear from these statements and the remainder of the record before us that the appellant's intransigent attitude toward his appointed counsel prevented that counsel from adequately preparing and presenting the appellant's defense. The inability of appellant's counsel to properly represent the appellant under the circumstances of this cause provided a sufficient basis upon which the lower court should have granted the appellant's motion for a continuance to obtain new counsel. As such, we are compelled to hold that the lower court's refusal to grant the appellant a continuance to obtain new counsel constituted an abuse of its discretion and requires that the instant cause be remanded for a new trial.

This disposition of the appellant's second assignment of error necessarily moots the appellant's first assignment of error, that the lower court erred in overruling the appellant's motion for judgment of acquittal, because it obviates the need to examine the sufficiency of the proof adduced by the appellee at trial.

For the above described reasons the judgment of the court of common pleas is reversed and remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed and cause remanded.*

SHANNON, P.J., DOAN and KLUSMEIER, JJ., concur.