DECISION AND JUDGMENT ENTRY
{¶ 1} Marvin Mayes appeals his conviction for aggravated robbery based on a guilty plea and the sentence imposed by the Gallia County Court of Common Pleas. First, Appellant asserts that the trial court erred in denying defense counsel's motion to withdraw, and that he pled guilty only because he believed defense counsel was incapable of properly defending him at trial. Because Appellant and defense counsel disagreed regarding trial strategy but were otherwise able to communicate and because defense counsel was prepared to defend Appellant at trial, we conclude that the trial court did not abuse its discretion by denying the motion to withdraw. Further, we conclude that Appellant's plea was voluntary since the plea colloquy reveals that Appellant expressed satisfaction with his counsel's performance and never indicated that felt forced to plead guilty. Next, Appellant contends that the trial court erred at the arraignment in advising him that aggravated robbery is a second degree felony with a maximum eight year sentence, rather than a first degree felony with a maximum ten year sentence. Because the trial court stated that Appellant was charged with a first degree felony and recited the correct penalty information immediately before commencing the plea colloquy, we reject Appellant's contention. Lastly, Appellant argues that the court did not appropriately consider the applicable statutory criteria before sentencing him to an eight year prison term. A review of the record refutes that claim and supports Appellant's sentence. Therefore, we affirm the trial court's judgment.
 {¶ 2} In May 2002, a man placed a pair of scissors to the chest of a Speedway employee at a store in Gallipolis and demanded that the employee turn over the money in the cash register. The employee complied with this demand When presented with a photographic line-up, the employee identified Appellant as the man who robbed him. Another individual informed the investigating officers that he received a telephone call from Appellant at the Speedway around the time the crime occurred and advised the officers of Appellant's location. Appellant was taken into custody during a traffic stop.
 {¶ 3} A grand jury indicted Appellant on one count of aggravated robbery in violation of R.C. 2911.01(A)(1). The trial court determined that Appellant was indigent and appointed counsel to represent him. At his arraignment, Appellant pled not guilty to the charge filed against him and the court scheduled the matter for a jury trial in November 2002.
 {¶ 4} On the trial date, defense counsel appeared and moved for a continuance on the ground that Appellant was unavailable for trial due to a good faith mistake on counsel's part. The trial court granted the motion for a continuance and rescheduled the trial until December 2002.
 {¶ 5} On the second trial date, defense counsel filed a motion to withdraw on the ground that communication with Appellant had been "very strained throughout the case" and had "broken down so completely that it [was] impossible for Counsel to prepare and present an adequate defense for [Appellant]." Defense counsel noted that Appellant disagreed with him on evidentiary, scheduling and strategic matters and had sought the advice of another attorney, whose advice conflicted with defense counsel's. Appellant hoped to retain this other attorney to represent him.
 {¶ 6} The trial court addressed both counsel and Appellant regarding the motion to withdraw. Defense counsel confirmed that the contents of his motion were correct and indicated that he did not believe he could prepare and present an adequate defense given the manner in which he and Appellant were interacting. Defense counsel stated that Appellant, who was unemployed, would need to borrow money to retain the other counsel and that he filed the motion because Appellant informed him that Appellant no longer wished for defense counsel to represent him. Then, despite his prior statement, defense counsel indicated that he was "prepared to go ahead" but felt the motion to withdraw was appropriate under the circumstances. Upon questioning by the court, defense counsel indicated that the communication between he and Appellant had been poor but he felt he'd been "adequately trying to prepare."
 {¶ 7} Appellant then informed the court that three or four witnesses he wished to call were not available and he had tried to get the State to hire an investigator to bring them to court.[1] He indicated that he did not believe adequate steps had been taken to help him obtain the witnesses' appearances. Appellant stated that defense counsel was a "great guy" and he "really like[d] him a lot," but that Appellant needed to "get [his] case in order" and did not feel ready to proceed.
 {¶ 8} The court denied the motion to withdraw, stating that the case had been pending since May or June and that defense counsel was ready to present a defense. The court further noted that the jury was already present and the case had already been continued once.
 {¶ 9} The jury trial began but, following opening arguments, counsel informed the court that Appellant wished to enter a plea of guilty to aggravated burglary in exchange for the State's agreement to a three year sentence. Appellant pled guilty to the charge and the jury was dismissed.
 {¶ 10} The court scheduled Appellant's sentencing hearing in January 2003. Appellant failed to appear and the trial court revoked his bond. Defense counsel subsequently arranged for Appellant to appear for sentencing in February 2003 but Appellant again failed to appear. In early March 2003, the court notified Appellant's bondsman of a hearing to determine the forfeiture of Appellant's bond. Appellant was thereafter taken into custody and appeared for sentencing. The court sentenced Appellant to eight years imprisonment.
 {¶ 11} Appellant filed a timely appeal, citing the following errors: "1. Whether the Court erred in failing to allow the Defendant to replace his court appointed counsel. 2. Whether the Trial Court erred in advising the Defendant/Appellant that he was facing a felony of the second degree and sentencing and accepting a plea on a felony in the first degree. 3. Whether the Court of Common Pleas sentenced the Defendant/Appellant Marvin Mayes to a prison term of eight years without appropriate consideration of the Statutory Criteria." Finding no merit in any of the assigned errors, we affirm the trial court's judgment.
 I {¶ 12} In his first assignment of error, Appellant argues that the trial court erred in denying defense counsel's motion to withdraw because there was a lack of communication with Appellant, Appellant and his counsel disagreed about numerous matters related to the case, and defense counsel was unable to provide an adequate defense due to the breakdown in the relationship. Appellant further argues that he agreed to the plea bargain with the State because of the court's denial of the motion and his belief that he could not adequately defend himself without new counsel.
 {¶ 13} Prior to addressing the merits of Appellant's arguments, we note that a guilty plea waives all nonjurisdictional appealable errors, except for those which preclude a knowing, intelligent and voluntary plea. State v.Spates, 64 Ohio St.3d 269, 272-273, 1992-Ohio-130,595 N.E.2d 351; State v. Carter (1998), 128 Ohio App.3d 419, 423-424,715 N.E.2d 223. Because Appellant argues that he agreed to plead guilty only because the trial court denied counsel's motion to withdraw, we assume that he is arguing that his plea was not voluntary. Consequently, we conclude that Appellant did not waive this first assignment of error by pleading guilty. See State v.Gordon, 149 Ohio App.3d 237, 2002-Ohio-2761, 776 N.E.2d 1135
(considering the appellant's claim that the trial court erred by denying his motion to appoint new counsel despite the appellant's subsequent guilty plea).
 {¶ 14} It is well settled that a withdrawal motion is committed to the sound discretion of the trial court. State v.Miller, Ross App. No. 01CA2607, 2001-Ohio-2635, citing State v.Cowans, 87 Ohio St.3d 68, 73, 1999-Ohio-250, 717 N.E.2d 298,304. Thus, an appellate court will not reverse the trial court's decision absent an abuse of that discretion. State v. Murphy,91 Ohio St.3d 516, 523, 2001-Ohio-112, 747 N.E.2d 765. The term "abuse of discretion" implies that the court's decision was "unreasonable, arbitrary, or unconscionable." State v. Adams
(1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144. Moreover, when applying the abuse of discretion standard, a reviewing court is not free merely to substitute its judgment for that of the trial court. See In re Jane Doe I (1991), 57 Ohio St.3d 135,566 N.E.2d 1181.
 {¶ 15} In order for a court to grant an appointed counsel's motion to withdraw, there must be a "break down in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to the effective assistance of counsel."State v. Henness, 79 Ohio St.3d 53, 65, 1997-Ohio-405,679 N.E.2d 686. Hostility, tension, or personal conflict between an attorney and a client that do not interfere with the preparation or presentation of a competent defense are insufficient to justify the withdrawal of appointed counsel. See id. at 65-66,679 N.E.2d 686. Furthermore, "[m]erely because appointed counsel's trial tactics or approach may vary from that which appellant views as prudent is not sufficient to warrant the substitution of counsel." State v. Glasure (1999),132 Ohio App.3d 227, 724 N.E.2d 1165. Many of the cases referred to inGlasure involve motions for the appointment of new counsel rather than motions to withdraw as counsel. This is a distinction without a difference. The same standard of review is applicable in both cases, see State v. Miller, Ross App. No. 01CA2607, 2001-Ohio-2635, and the trial court applies the same analysis when appointed counsel seeks to withdraw and when a defendant seeks to replace his appointed counsel. Id.
 {¶ 16} In support of his argument, Appellant relies on Statev. Bronaugh (1982), 3 Ohio App.3d 307, 445 N.E.2d 262, where the First District Court of Appeals held that the trial court abused its discretion by refusing to appoint new counsel where the defendant and his counsel jointly moved for such an appointment. In Bronaugh, defense counsel informed the court that he was not prepared for trial because the defendant had refused to communicate and cooperate with him during the two weeks prior to the trial. The First District concluded that the trial court should have appointed new counsel under these circumstances.
 {¶ 17} We continue to have some doubt about the holding inBronaugh. See State v. Ingram (Dec. 12, 1986), Scioto App. No. 1587. When counsel's lack of preparation is caused solely by an accused's failure to communicate with or respond to counsel, we see little reason for the accused to benefit from his own misconduct.
 {¶ 18} Nonetheless, Bronaugh is distinguishable on its facts from this case. Here, defense counsel did not move to withdraw because there had been no communication between him and Appellant, but because Appellant wanted a different attorney to represent him. Further, while defense counsel initially stated that he was unprepared to proceed, he later changed his statement and indicated that he was prepared for trial. It appears from counsel's and Appellant's statements to the court that the problem between the parties was not a failure to communicate, but rather a disagreement as to how the defense should proceed. This was not the case in Bronaugh.
 {¶ 19} After reviewing the transcript, we conclude that the trial court's decision to deny defense counsel's motion to withdraw was not unreasonable, arbitrary or unconscionable. First, it appears that Appellant's true desire was to postpone his trial in order to gain additional time to locate witnesses he had lost contact with and who were no longer in the area. Since the case had been pending for six to seven months already, and had been previously continued, the court's unwillingness to delay the case further was reasonable. Moreover, it appears from the exchange between the court, defense counsel and Appellant, that there was not a breakdown of such magnitude as to jeopardize the defendant's right to the effective assistance of counsel. Rather, there was a disagreement as to strategy and trial tactics. Disagreements over such issues are insufficient to warrant new counsel, absent more. See Glasure, supra. We also note that, while Appellant desired to retain counsel, it is clear that he did not have the funds to do so as of the trial date. Given his failure or inability to procure the necessary funds prior to the trial date, the court was free to reject Appellant's plan as unrealistic. The court did not err in overruling defense counsel's motion to withdraw.
 {¶ 20} Next, we turn to Appellant's assertion that he pled guilty only because the motion to withdraw was denied and he did not have confidence in his counsel's proposed defense. Essentially, Appellant argues that he did not voluntarily enter into the plea agreement, but was forced to plead guilty because of the circumstances.
 {¶ 21} A plea is voluntary if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford (1970),400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162. If a plea is not voluntary, its enforcement is unconstitutional under both the United States and Ohio constitutions. State v. Engle, 74 Ohio St.3d 525, 527,1996-Ohio-179, 660 N.E.2d 450.
 {¶ 22} Despite Appellant's claim that he was "forced" to plead guilty, the transcript of the plea agreement demonstrates otherwise. The following exchange occurred between the trial court and Appellant: "Q. Now Mr. Mayes before I can accept a plea of guilty, I must advise you of your rights and ask you questions to determine whether your plea is being made voluntarily, meaning of your own free well [sic], and also that your plea is being made knowingly and intelligently, meaning that you understand what's going on, okay? A. Yes sir. Q. So except for the underlying plea agreement that we have just been talking about have there been any threats or promises made to you to get you to change your plea in this case? A. No sir. Q. Okay. Have you had adequate time to spend with , your counsel, in this matter, and to seek his guidance and counsel? A. Yes sir.
Q. And are you satisfied with that guidance and counsel? A. Yes sir." During this colloquy, Appellant expressed no dissatisfaction with defense counsel's services and indicated that he was not being forced to enter into a guilty plea.
 {¶ 23} In State v. Gordon, 149 Ohio App.3d 237,2002-Ohio-2761, 776 N.E.2d 1135, the appellant similarly claimed that he was forced to plead guilty after the trial court denied his request for new counsel. After finding that the trial court's denial of Gordon's motion for new counsel was not an abuse of discretion, the First District Court of Appeals nonetheless concluded that Gordon's plea was not voluntary. However, Gordon
is clearly distinguishable.
 {¶ 24} In that case, when Gordon was asked by the trial court if his plea was voluntary, he responded that it was offered "voluntarily, under duress." Gordon further explained that he felt that "his hands [were] really tied if [he was] forced to go to trial with [current counsel] * * * as [his] attorney." The trial court again asked Gordon if he preferred to try his case, and Gordon replied, "Not with [him] * * * as my attorney." The trial court then explained that it had already overruled his motion for a new attorney and that his only choice was to go to trial with his present counsel or to plead guilty. Gordon pled guilty, but in further discussion with the trial court he reiterated that "[he did] not want to go forward with [him] * * * as [his] attorney, that's for sure." In concluding that Gordon's plea was not voluntary, the appellate court noted that the record clearly demonstrated that Gordon would not have pled guilty if it were not for his lack of faith in his attorney. Since the trial court rejected his request for new counsel but was unable to elicit a guilty plea untainted by Gordon's dissatisfaction with his attorney's efforts, the trial court should have rejected Gordon's involuntary plea and commenced his trial or appointed new counsel.
 {¶ 25} Appellant made no such statements of dissatisfaction with his defense counsel at the time of his guilty plea. Further, although Appellant now makes such a claim, he did not indicate to the trial court that he was pleading guilty solely because the court denied defense counsel's motion to withdraw. Rather, a review of Appellant's plea colloquy demonstrates that his decision to plead guilty was the result of a voluntary and intelligent choice among the courses of action available to him.
 {¶ 26} Appellant's first assignment of error is overruled.
 II {¶ 27} In his second assignment of error, Appellant asserts that the trial court erroneously informed him at arraignment that aggravated robbery is a crime of the second degree carrying a sentence of two to eight years, when it is actually a first degree felony which carries up to a ten year sentence. Appellant argues that he pled guilty based on this erroneous information and, therefore, his plea was not knowingly and intelligently entered. Appellant contends that he was never informed by the trial court during the plea, or by defense counsel, that he was pleading guilty to a first degree felony and could be sentenced to a maximum of ten years imprisonment.
 {¶ 28} Appellant correctly states that a trial court's failure to properly inform a defendant entering a guilty plea of the maximum penalty applicable to his offense is reversible error. State v. Caplinger (1995), 105 Ohio App.3d 567, 572,664 N.E.2d 959. Appellant's claim that the trial court misspoke at the arraignment when it informed him he was charged with a second degree felony which carried a penalty of imprisonment up to eight years is also accurate. However, Appellant's contention that the court never rectified this error is wrong.
 {¶ 29} In fact, prior to accepting Appellant's guilty plea, the court stated: "* * * [T]he Court has been informed that Mr. Mayes now wishes to withdraw his previous plea of not guilty and enter a plea of guilty to this charge, a violation of Section2911.01 A1 of the Ohio Revised Code, first degree felony,carrying with it a possible penalty of, I believe it's three to10 years in the Ohio State penitentiary system and up to a$15,000.00 fine. Let me verify that. Three to 10, up to a$20,000.00 fine with a period of post-release control of fiveyears and no reduction. * * *" (Emphasis added.) Further, the record contains a written guilty plea signed by Appellant which indicates that he is pleading guilty to aggravated robbery, a level one felony, and that he understands that the maximum penalty is a prison term of two to ten years and a fine of $20,000. Appellant's contention that he did not knowingly and voluntarily enter into a guilty plea because he was unaware of the penalty he faced is disingenuous.
 {¶ 30} Appellant's second assignment of error is overruled.
 III {¶ 31} In his third assignment of error, Appellant argues that the court did not appropriately consider the statutory criteria before sentencing him to a prison term of eight years.
 {¶ 32} When an appellate court reviews a trial court's sentencing decision, the reviewing court will not overturn the trial court's sentence unless the court "clearly and convincingly" finds that: (1) the sentence is not supported by the record; (2) the trial court did not follow the appropriate statutory procedures; or (3) the sentence imposed was contrary to law. See R.C. 2953.08(G)(1); State v. McCain, Pickaway App. No. 01CA22, 2002-Ohio-5342. Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. See State v. Eppinger, 91 Ohio St.3d 158,164, 2001-Ohio-247, 743 N.E.2d 881; State v. Schiebel (1990),55 Ohio St.3d 71, 74, 564 N.E.2d 54.
 {¶ 33} Unless the statute mandates a prison sentence, a sentencing court has some discretion in deciding what sanction is appropriate to satisfy the purposes and principles of sentencing. R.C. 2929.11 and R.C. 2929.12(A). However, first degree felonies carry a presumption in favor of imprisonment. R.C. 2929.13(D). If the trial court determines that a prison sentence is necessary, first degree felonies are punishable by a definite term of imprisonment of three, four, five, six, seven, eight, nine or ten years. R.C. 2929.14(A)(1).
 {¶ 34} Once a trial court elects to impose a prison sentence, it must then turn to R.C. 2929.14 to determine the length of the sentence. Under R.C. 2929.14(B), courts presume the shortest authorized prison term is appropriate if the offender has not previously served a prison term. R.C. 2929.14(B). See, also,State v. Edmonson, 86 Ohio St.3d 324, 325, 1999-Ohio-110,715 N.E.2d 131. However, the trial court may impose a longer sentence if it finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime. R.C.2929.14(B)(2); Edmonson, supra. The trial court is not required to give specific reasons for finding the minimum sentence is inappropriate. Edmonson at syllabus. But, it must note on the record that it engaged in the analysis required under R.C.2929.14(B) and that it varied from the minimum for at least one of the two sanctioned reasons. Id. at 326.
 {¶ 35} In its sentencing entry, the trial court noted that it had considered the record, oral statements, any victim impact statement, and the pre-sentence report, as well as the principles and purposes of sentencing under R.C. 2929.11, and balanced the seriousness and recidivism factors under R.C. 2929.12. The court found pursuant to R.C. 2929.14(B) that the shortest prison term would demean the seriousness of Appellant's conduct. The court noted that Appellant was charged with possession of drug paraphernalia and disorderly conduct in the Gallipolis Municipal Court in January 2003, while on bond awaiting sentencing in this matter. The court also noted that Appellant failed to appear for sentencing on two separate occasions. The court concluded that, based on these facts, recidivism was more likely under R.C.2929.12(D) and sentenced Appellant to eight years incarceration.
 {¶ 36} The pre-sentence investigation report reveals that Appellant has previously been convicted of attempted aggravated robbery and aggravated robbery and was sentenced to fifteen years in the West Virginia penitentiary for the second offense. Therefore, the court was not required to presume that the shortest prison term was appropriate under R.C. 2929.14(B). Moreover, the court found, both at the sentencing hearing and in the sentencing entry, that the shortest prison term would demean the seriousness of Appellant's conduct. Even though it was not required to, the trial court also stated reasons for its finding that the minimum sentence was inappropriate. Further, at the sentencing hearing the court demonstrated that it engaged in the analysis required under R.C. 2929.14(B) and it reiterated that it had engaged in the appropriate analysis in its sentencing entry.
 {¶ 37} Having reviewed the record, we conclude that the trial court considered the appropriate statutory criteria when sentencing Appellant, and the sentence imposed by the trial court is supported by the record. Appellant's third assignment of error is overruled.
 {¶ 38} Having overruled all of Appellant's assigned errors, we affirm the judgment of the trial court.
Judgment Affirmed.
Kline, P.J., concurs in judgment and opinion.
Evans, J., not participating.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J.: Concurs in Judgment and Opinion.
Evans, J.: Not Participating.
[1] It is unclear who Appellant is referring to as "the State"; however, we assume that it is defense counsel rather than the prosecuting attorney.