DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant Eric L. Ray appeals the Scioto County Court of Common Pleas sentence, contending that the trial court abused its discretion and denied Appellant his rights under R.C. 2929.18 and 2929.19 and his rights to due process and equal protection under the Ohio and United States Constitutions. He alleges error below by sentencing him to pay an undetermined amount under R.C. 2929.18(A)(4) without conducting the inquiry required by R.C. 2929.18(A)(5)(a)(ii), 2929.19(B)(6) and/or 2929.71(C). He also contends that the court's findings in support of its five year sentence are not supported by the record, resulting in the sentence imposed being contrary to law and in violation of his right to due process under the fifth andfourteenth amendments to the United States Constitution and Section Sixteen of Article One of the Ohio Constitution. After reviewing the record and transcripts below, we find that the trial court erred in 1) imposing restitution in its journal entry only, failing to impose it in open court, and 2) failing to comply with R.C. 2929.71. However, with respect to Appellant's third assignment of error, we find that the trial court correctly assessed costs, but failed to determine the amount. Therefore, Appellant's third assignment of error is sustained in part and overruled in part. Also, because we find the trial court made the necessary findings to impose a non-minimum sentence on Appellant, who has served a prior prison term, Appellant's fifth assignment of error is overruled. As a result of Appellant's withdrawal of assignments of error one, two and four, we will not address the issues contained therein. Accordingly, we reverse in part, affirm in part and remand this cause to the trial court for further proceedings consistent with this opinion.
 {¶ 2} The record reveals the following facts pertinent to this appeal. The Scioto County Grand Jury indicted Appellant on two counts of aggravated arson, in violation of R.C.2909.02(A)(1) and (A)(2), and one count of arson, in violation of R.C. 2909.03(A)(1) and (B)(2)(b). Appellant pled not guilty by reason of insanity, and the trial court ordered a competency evaluation and an evaluation on his mental state at the time of the offense. The competency evaluation concluded that Appellant was competent to stand trial.
 {¶ 3} Appellant's attorney entered into plea negotiations with the prosecuting attorney. In the judge's presence, the prosecuting attorney and defense attorney agreed to a plea bargain, in which Appellant would plead guilty to one count of aggravated arson and, if possible, serve his sentence in a hospital rather than a prison.
 {¶ 4} Appellant appeared before the trial court and entered a guilty plea. At the plea hearing, the trial court explained the maximum penalty and that entering a plea would result in a waiver of Appellant's constitutional rights. The trial court also asked Appellant if any threats or promises induced him to enter the plea, aside from the plea agreement. The trial court described the plea agreement as requiring the court to withhold sentencing while Shawnee Mental Health evaluated Appellant's eligibility for placement in its facility. Also, the trial court acknowledged that if Shawnee Mental Health concluded that it could provide long-term hospitalization the State would recommend community control through hospitalization.
 {¶ 5} At that point, Mr. Campbell, whose connection to, and role in, this case is not clarified by the transcripts, informed the trial court that because Appellant was under post-release control at the time of the underlying offense he would likely serve prison time despite the plea agreement. The trial court asked Appellant if he understood that he may serve prison time for violating his post-release control, should the Parole Board decide to revoke his community control. Appellant responded that he understood and still agreed to enter the plea.
 {¶ 6} The trial court accepted Appellant's guilty plea and entered a judgment of conviction. The court also ordered an evaluation to determine Appellant's eligibility for long-term hospitalization. Shawnee Mental Health evaluated Appellant and determined that he was not eligible for long-term hospitalization. Before sentencing, Appellant moved the court to set aside his guilty plea on the grounds that he entered it believing he would be hospitalized rather than imprisoned.
 {¶ 7} The trial court held a hearing on Appellant's motion. At the hearing, Appellant testified about his conversations with his defense attorney regarding the plea. Because these facts are no longer pertinent to this appeal, we will not recite them herein. Ultimately, the trial court denied the motion and sentenced Appellant to five years in prison and to undetermined costs and restitution.
 {¶ 8} Appellant timely filed his notice of appeal, initially assigning the following errors for our review:
 {¶ 9} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND DEPRIVED APPELLANT OF HIS RIGHTS UNDER THE DUE PROCESS, RIGHT TO COUNSEL, AND SELF-INCRIMINATION CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS WHEN IT DENIED HIS PRE-SENTENCE MOTION TO WITHDRAW HIS GUILTY PLEA, WHERE THE RECORD INDICATES THAT DEFENSE COUNSEL UNREASONABLY LED APPELLANT TO BELIEVE HE WOULD BE PLACED IN A PSYCHIATRIC FACILITY RATHER THAN RECEIVE A PRISON SENTENCE. THIS ERROR D THE KNOWING, INTELLIGENT, AND VOLUNTARY NATURE OF THE PLEA. (SIC)
 {¶ 10} II. THE TRIAL COURT DEPRIVED MR. RAY OF HIS RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 10 AND 16 OF ARTICLE ONE OF THE OHIO CONSTITUTION WHEN IT ACCEPTED HIS GUILTY PLEA WITHOUT FIRST HAVING ADVISED MR. RAY THAT HE WOULD BE SUBJECT TO A MANDATORY THREE-YEAR TERM OF POST-RELEASE CONTROL UNDER SECTION2967.28(B)(2) OF THE OHIO REVISED CODE. THUS, MR. RAY'S PLEA WAS NOT A KNOWING, INTELLIGENT, AND VOLUNTARY WAIVER OF HIS VITAL CONSTITUTIONAL RIGHTS. IN ADDITION, THE COURT'S FAILURE TO PROPERLY ADVISE MR. RAY REGARDING POST-RELEASE CONTROL AT THE SENTENCING HEARING RENDERS HIS SENTENCE "CONTRARY TO LAW" AND A VIOLATION OF DUE PROCESS.
 {¶ 11} III. THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED APPELLANT HIS RIGHTS UNDER R.C. 2929.18 AND 2929.19 AND HIS RIGHTS TO DUE PROCESS AND EQUAL PROTECTION UNDER THE OHIO AND UNITED STATES CONSTITUTIONS BY SENTENCING HIM TO PAY AN UNDETERMINED AMOUNT OF RESTITUTION AND AN UNDETERMINED AMOUNT UNDER R.C. 2929.18(A)(4) WITHOUT CONDUCTING THE INQUIRY REQUIRED BY R.C. 2929.18(A)(5)(a)(ii), 2929.19(B)(6), AND/OR 2929.71(C)."
 {¶ 12} IV. APPELLANT'S TRIAL COUNSEL PROVIDED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE BY FAILING, IN A NUMBER OF RESPECTS, TO SUBJECT THE STATE'S CASE TO THE CRUCIBLE OF THE ADVERSARIAL TESTING PROCESS. COUNSEL'S INEFFECTIVE ASSISTANCE DEPRIVED APPELLANT OF HIS RIGHTS TO COUNSEL AND DUE PROCESS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS TEN AND SIXTEEN OF ARTICLE ONE OF THE OHIO CONSTITUTION.
 {¶ 13} V. THE COURT'S FINDINGS IN SUPPORT OF ITS FIVE-YEAR SENTENCE ARE NOT SUPPORTED BY THE RECORD. ACCORDINGLY, THE SENTENCE IS CONTRARY TO LAW AND VIOLATES MR. RAY'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN OF ARTICLE ONE OF THE OHIO CONSTITUTION."
 {¶ 14} However, on August 30, 2005, Appellant filed a motion for leave to withdraw his first, second and fourth assignments of error, explaining that because these assignments of error challenge the validity of his guilty plea, reversal on these grounds could subject him to prosecution on all of the original charges. Thus, Appellant explained that he had chosen to "enjoy the benefits of the plea agreement rather than assert his rights in this regard." Appellant's motion was granted by this Court on September 8, 2005. As a result, only assignments of error three and five remain for our review.
 {¶ 15} In his third assignment of error, Appellant contends that the trial court abused its discretion and denied his rights under R.C. 2929.18 and 2929.19 and his rights to due process and equal protection under the Ohio and United States Constitutions by sentencing him to pay an undetermined amount of restitution and undetermined amount under R.C. 2929.18 (A)(4) without conducting the inquiry required by R.C. 2929.18(A)(5)(a)(ii),2929.19(B)(6), and/or 2929.71(C). Appellee concedes Appellant's argument in part, by agreeing that the trial court erred in ordering Appellant to pay restitution in the sentencing entry only, without making the order in open court during the sentencing hearing.
 {¶ 16} R.C. 2929.18 deals with financial sanctions and provides in (A)(1) that a court may order a defendant to pay restitution to the victim of a crime. However, that section also provides that "the court shall order that the restitution be made to the victim in open court." It further provides that "[i]f the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender." R.C. 2929.18(A)(1).
 {¶ 17} Here, Appellee concedes that although the trial court's judgment entry states that "[t]he defendant is to make restitution for damages," the trial court failed to issue this order in open court and also failed to determine that amount of restitution Appellant had to pay. In light of Appellee's candid concession regarding this error, we find Appellant's third assignment of error, in as much as it deals with the order of restitution, to be well taken. Accordingly, we reverse the trial court's imposition of restitution and remand for further proceedings consistent with this holding.
 {¶ 18} Further, Appellant asserts that the trial court failed to comply with R.C. 2929.71, which is applicable to arson convictions.
 {¶ 19} R.C. 2929.71, "Convicted arsonist to make restitution to public agency; hearing," provides, in pertinent part, as follows:
"(B) Prior to the sentencing of an offender, the court shall enter an order that directs agencies that wish to be reimbursed by the offender for the costs they incurred in the investigation or prosecution of the offender or in the investigation of the fire or explosion involved in the case, to file with the court within a specified time an itemized statement of those costs.
* * *
(C) The court shall set a date for a hearing on all the itemized statements filed with it and given to the offender or the offender's attorney in accordance with division (B) of this section. The hearing shall be held prior to the sentencing of the offender, but may be held on the same day as the sentencing.
* * *
(D) Following the hearing, the court shall determine which of the agencies established by a preponderance of the evidence that costs set forth in their itemized statements were incurred as described in division (C) of this section and that the offender has assets available for reimbursement purposes. * * *"
 {¶ 20} Based upon a review of the record, we agree with Appellant. The record indicates that the trial court failed to comply with the mandates of the pertinent sections of R.C.2929.71 set forth herein. As such, we reverse the decision of the trial court and remand for further proceedings consistent with R.C. 2929.71.
 {¶ 21} In his third assignment of error, Appellant also argues that the trial court denied his rights to due process and equal protection under the Ohio and United States Constitutions and abused its discretion by sentencing him to pay an undetermined amount in costs under R.C. 2929.18 (A)(4) without conducting the inquiry required by R.C. 2929.18 (A)(5)(a)(ii) and2929.19 (B). After a review of the record, we agree, in part with Appellant's argument.
 {¶ 22} During the sentencing hearing, the trial court ordered the following:
"Mr. Ray it will be the sentence of this Court, reluctantly, that I assess no fines but order that you pay costs ofprosecution, that I sentence you to five years in the custody of the Ohio Department of Rehabilitation and Correction." (Emphasis added).
 {¶ 23} However, in the sentencing entry, the trial court stated the following:
"Defendant is to pay the costs of this prosecution taxed at $_________, for which execution is hereby awarded. Said court costs are to include the $41.00 as mandated by O.R.C. section2949.091, and the additional $30.00 as mandated by O.R.C. section2743.70. Defendant is further ordered to pay any fees permittedpursuant to Revised Code section 2929.18 (A)(4)." (Emphasis added).
 {¶ 24} Clearly, there is a discrepancy between the sentencing hearing transcript and the sentencing entry. Appellant only challenges the trial court's imposition of costs under 2929.18 (A)(4), which includes "[a] state fine or costs as defined in section 2949.111 of the Revised Code." Appellant does not challenge the trial court's imposition of "costs of prosecution," which were imposed pursuant to R.C. 2947.23, rather than 2929.18, and which we have previously held to be proper, even as against indigent defendants. See State v. Whited, Washington App. No. 04CA31, 2005-Ohio-2224, citing State v. White,103 Ohio St.3d 580, 817 N.E.2d 393, 2004-Ohio-5989, at paragraph one of the syllabus. Therefore, we affirm the trial court's imposition of costs of prosecution under R.C. 2947.23; however, we find that Appellant's argument regarding the costs imposed pursuant to R.C.2929.18(A)(4) in the trial court's sentencing entry has merit.
 {¶ 25} R.C. 2929.19(B)(6) provides that "[b]efore imposing a financial sanction under section 2929.18 of the Revised Code[,] * * * the court shall consider the offender's present and futureability to pay the amount of the sanction or fine." (Emphasis added). This statute does not require a trial court to hold a specific hearing on the issue of ability to pay, although courts may choose to do so. State v. Kelly (2001),145 Ohio App.3d 277, 282, 762 N.E.2d 479; State v. Sillett, Butler App. No. CA2000-10-205, 2002-Ohio-2596; State v. Southerland, Butler App. No. CA2001-06-153, 2002-Ohio-1911. Rather, the statute requires a court to consider the offender's present and future ability to pay. See State v. Martin (2000),140 Ohio App.3d 326, 338, 747 N.E.2d 318 and State v. Karnes (Mar. 29, 2001), Athens App. No. 99CA42.
 {¶ 26} Although preferable for appellate review, a trial court need not explicitly state in its judgment entry that it considered a defendant's ability to pay a financial sanction. Rather, courts look to the totality of the record to see if the requirement has been satisfied. As we noted in State v. Slater,
Scioto App. No. 01CA2806, 2002-Ohio-5343 at ¶ 8, compliance with the statute can be shown when a court considers a pre-sentence investigation report (PSI) that details pertinent financial information (see e.g. Martin, supra; Karnes, supra) or when a transcript reflects that a court at least considered a defendant's ability to pay. See e.g. State v. Finkes, Franklin App. No. 01AP-310, 2002-Ohio-1439; State v. McDonald, Delaware App. No. 01CA08033, 2002-Ohio-1122.
 {¶ 27} In the case sub judice, we find no indication in the record that the trial court considered appellant's ability to pay the financial sanction that it imposed under R.C. 2929.18 (A)(4). We find no mention of the topic in the final judgment entry or in the transcript. Further, a review of the record reveals that the trial court failed to impose costs under R.C. 2929.18 (A)(4) at the sentencing hearing, and only included this order in its sentencing entry. Thus, we cannot find that the trial court complied with R.C. 2929.19 (B)(6) and considered whether Appellant had the present or future ability to pay this financial sanction. Accordingly, we find this part of Appellant's third assignment of error has merit and therefore we reverse and remand to the trial court for further proceedings consistent with this opinion.
 {¶ 28} Appellant also seems to argue that the trial court failed to conduct an inquiry into his ability to pay, as required by R.C. 2929.18 (A)(5)(a)(ii). R.C. 2929.18 (A)(5)(a)(ii) relates to costs of confinement, which were not imposed in this case. Therefore, we overrule this aspect of Appellant's third assignment of error.
 {¶ 29} In his fifth assignment of error, Appellant contends that the trial court's findings in support of its five-year sentence are not supported by the record, thereby rendering the sentence contrary to law and in violation of his constitutional rights. Appellant argues that the factual findings contained in the sentencing entry, which include: 1) that Appellant was on community control at the time of the offense; 2) that the defendant had an extensive record; 3) that Appellant had threatened physical harm in the past; and 4) that Appellant showed no remorse, are not supported by the record.
 {¶ 30} R.C. 2953.08 (A)(4) provides for an appeal if a sentence is contrary to law. If we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law, we may increase, reduce, modify or vacate the sentence. R.C. 2953.08(G)(2); See, also, State v.Holsinger (Nov. 20, 1998), Pike App. No. 97CA605, 1998 WL 820035. In this context, we do not substitute our judgment for that of the trial court nor do we simply defer to its discretion.State v. Keerps, Washington App. No. 02CA2, 2002-Ohio-4806. Rather, we will look to the record to determine whether the sentencing court: (1) considered the statutory factors; (2) made the required findings; (3) relied on substantial evidence in the record to support those findings; and (4) properly applied the statutory guidelines. See State v. Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11, 1998 WL 513606, citing Griffin Katz, Ohio Felony Sentencing Law (1998 Ed.), Section 9.16.
 {¶ 31} R.C. 2929.14 provides, in pertinent part, as follows:
"(B) * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 32} If a trial court decides to impose a prison sentence on an offender, it must consult R.C. 2929.14 to determine the length of the sentence. R.C. 2929.14(B) provides a presumption in favor of the shortest authorized prison term for offenders that have not previously served a prison term. State v. Mayes,
Gallia App. No. 03CA9, 2004-Ohio-2027, citing State v.Edmonson, 86 Ohio St.3d 324, 325, 1999-Ohio-110, 715 N.E.2d 131. However, even when an offender has not served a prior prison term, the trial court may impose a non-minimum sentence if it finds, on the record, that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect to the public from future crime. R.C. 2929.14(B)(2),Mayes, supra, citing Edmonson, 86 hio St.3d at 325. The trial court is not required to give specific reasons for its findings in support of its variation from the minimum sentence. Mayes,
supra, citing Edmonson, 86 Ohio St.3d 324, syllabus. However, it must note, on the record, that it engaged in the analysis required under R.C. 2929.14(B) and that it varied from the minimum sentence for at least one of the two sanctioned reasons.Mayes, supra, citing Edmonson, 86 Ohio St.3d at 326. (Emphasis added).
 {¶ 33} In the case sub judice the trial court found, on the record, during the sentencing hearing, that Appellant had "served a prior term in prison" and "that minimum sentences would demean the seriousness of the conduct and the danger that the offender poses." In the sentencing entry, the trial court did not explicitly include either of these findings, but instead seemed to give its reasons for varying from the minimum prison term by stating that 1) "[t]he defendant was on community control at the time of this offense[;]" 2) "[t]he defendant has an extensive record[;]" 3) "[t]he defendant has threatened physical harm in the past[;]" (4) [t]he defendant has a pattern of substance abuse[;]" and 5) "[t]he defendant shows no remorse."
 {¶ 34} In response to the findings by the trial court, Appellant now argues that he was not on community control, but instead was on post-release control, conceding that this inaccuracy is harmless error. Appellant argues that the record does not support the finding that he had an extensive record because he had only one prior offense, burglary. Appellant also argues that the record does not support the finding that he had threatened physical harm in the past, contending that he has never threatened physical harm to anyone but himself. The record reveals that Appellant pled guilty to aggravated arson, which was in connection with a suicide attempt. Appellant further argues that the record does not support the finding that he shows no remorse because the psychological evaluation performed on Appellant advanced that he was incapable of showing remorse.
 {¶ 35} While the findings included in the sentencing entry do not conform to the findings made during the sentencing hearing, we have previously held "that the better practice is for the trial court to include its findings in the sentencing entry itself, if the sentencing entry does not contain the required findings, we will consult the transcript of the sentencing hearing to ensure that the trial court complied with the felony sentencing guidelines. See State v. Keerps, Washington App. No. 02CA2, 2002-Ohio-4806. The trial court was not required to articulate its finding that Appellant had previously served a prison term both at the hearing and in the sentencing entry. Therefore, we hold that because Appellant had served a prior prison term, and the trial court made that finding on the record, during the sentencing hearing, it is not necessary that the sentencing entry also recite this fact.
 {¶ 36} The court's further findings under R.C. 2929.14(A)(2), were not necessary in order to impose a non-minimum sentence on Appellant. Therefore, assuming that the factual findings contained in the sentencing entry that attempt to support the R.C. 2929.14(A)(2) findings are inaccurate, it is harmless error, as the findings were not a prerequisite to the imposed sentence. While we are concerned that the entry does not seem to reflect the actual findings made on the record, as contained in transcript, and would prefer that the entry accurately reflect the evidence before the court, the findings contained in the entry are irrelevant, as Appellant has served a prior prison term.
 {¶ 37} Accordingly, Appellant's fifth assignment of error is overruled and we affirm the sentence imposed by the trial court. However, because this matter is being remanded in connection with Appellant's third assignment of error, it would be advisable that the trial court take this opportunity to correct its sentencing entry to conform to the evidence contained in the record.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND CAUSEREMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART AND CAUSE REMANDED and that the Appellee and the Appellant split the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. and Abele, J.: Concur in Judgment and Opinion.