MEMORANDUM DECISION AND JUDGMENT ENTRY
{¶ 1} Jeffrey Hamblin appeals the Adams County Court of Common Pleas' imposition of restitution and other costs without first considering his present and future ability to pay. Because the court failed to consider Hamblin's ability to pay financial sanctions as required under R.C. 2929.19(B)(6), we reverse this matter for re-sentencing solely on the issue of sanctions.
 {¶ 2} Hamblin initially faced charges of aggravated murder with a firearm specification, and tampering with evidence. He pled guilty to the amended charges of murder with a firearm specification, and tampering with evidence. The trial court sentenced Hamblin to fifteen years to life for the murder, with three years for the firearm specification to be served consecutively, and five years for tampering with evidence to be served concurrently. As part of the sentence, the court also imposed financial sanctions on Hamblin for restitution, court costs, and fees under R.C. 2929.18(A)(4).
 {¶ 3} Hamblin appeals the imposition of financial sanctions and asserts the following assignment of error:
The trial court erred by imposing restitution and other sanctions without considering Mr. Hamblin's present or future ability to pay.
 {¶ 4} Hamblin contends that the trial court erred by failing to consider his ability to pay the financial sanctions before imposing them. R.C. 2929.19(B)(6) provides that a trial court must "consider the offender's present or future ability to pay the amount of the sanction or fine."
 {¶ 5} The state filed a "Motion for Remand" in which it candidly conceded to Hamblin's contention and sought to have this matter remanded for re-sentencing on the issue of financial sanctions. The state acknowledged our opinion in State v. Ray
(2006), Scioto App. No. 04CA2965, 2006-Ohio-853, in which we concluded that R.C. 2929.19(B)(6) "requires the court to consider the offender's present and future ability to pay." Id. at ¶ 25. "[A] trial court need not explicitly state in its judgment entry that it considered a defendant's ability to pay a financial sanction. Rather, courts look to the totality of the record to see if the requirement has been satisfied." Id. at ¶ 26.
 {¶ 6} Here, we find no indication in the record that the trial court considered Hamblin's ability to pay the financial sanctions that it imposed as required by R.C. 2929.19(B)(6). Accordingly, we reverse this matter for re-sentencing solely on the issue of sanctions.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. McFarland, J.: Concur in Judgment and Opinion.