[Cite as *State v. Whitaker*, 2011-Ohio-6923.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 10CA3349 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | <u>DECISION AND</u> |
| v. | : | <u>JUDGMENT ENTRY</u> |
| | : | |
| KEITH WHITAKER, | : | |
| | : | **RELEASED 12/22/11** |
| | : | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Keith M. Whitaker, Sr., Toledo, Ohio, pro se appellant.

Mark E. Kuhn, Scioto County Prosecutor, and Joseph L. Hale, Scioto County Assistant Prosecutor, Portsmouth, Ohio, for appellee.

_____

Harsha, P.J.

{¶1}   Keith Whitaker appeals the trial court's denial of his post-sentencing motion to withdraw his guilty plea to one count of having weapons while under disability. Whitaker contends that the court erred when it accepted his plea because he told the court he was only pleading guilty out of duress. Because Whitaker did not submit a transcript of the change of plea hearing for our review, we must presume regularity in the proceedings and reject this argument.

{¶2}   Next, Whitaker argues that trial counsel's deficient performance prevented his plea from being knowing, intelligent, or voluntary. He contends that counsel pressured him to accept a plea bargain and refused to investigate certain aspects of the case. However, these arguments rely on evidence outside the record, so the proper vehicle to raise them is in a petition for post-conviction relief.

{¶3}   Whitaker also complains that the State and trial court erred by refusing to give him certain discovery and that the trial court abused its discretion by not ordering the disclosure of grand jury testimony to him.  Because Whitaker does not argue that these nonjurisdictional errors prevented him from entering a knowing, intelligent and voluntary guilty plea, he has waived them.

{¶4}   Finally, Whitaker argues that the assistant prosecutor wrongfully allowed him to enter a guilty plea.  He also complains that trial counsel gave him "false information" about investigating an "alibi witness" and that counsel hindered him in obtaining a certain police report.  Because Whitaker did not raise these arguments in his motion to withdraw, we reject them and affirm the trial court's judgment.

## I.  Facts

{¶5}   In consolidated cases, a jury found Whitaker guilty of one count of failure to appear and two counts of having weapons while under disability.  *State v. Whitaker*, Scioto App. No. 07CA3168, 2008-Ohio-4149, at ¶1.  Whitaker appealed, and we reversed one of his convictions for having weapons while under disability and remanded for a new trial on that charge.  Id. at ¶4.  On remand, Whitaker pleaded guilty to the charge.  After the trial court sentenced him, Whitaker filed a motion to withdraw his guilty plea, which the court denied.  This appeal followed.

## II.  Assignments of Error

{¶6}   Whitaker assigns seven errors for our review:

The Trial Court Abused Its Discretion By Accepting Appellant's Guilty Plea After Appellant Clearly Stated Only Minutes Prior That He Was Only Pleading Guilty Because He Was Under Duress Making The Guilty Plea In Violation Of Crim.R. 11.

There Was Manifest Injustice Because Of Ineffective Assistance Of

Counsel For Counsel's Continuous Pressure To Enter Guilty Plea When There Was No Overwhelming Evidence And Counsel's Advice Was Faulty.

There Was Manifest Injustice For Ineffective Assistance of Counsel For Kleha's Faulty Legal Advise [sic] Regarding Possible Defences.

There Was Manifest Injustice For Ineffective Assistance of Counsel For Kleha's Failure To Investigate The Case.

Assistant Prosecutor Joseph Hale Wrongfully Allowed Guilty Plea To Be Entered.

Appellant Was Denied Due Process When He Was Denied Discovery That Could Have Proven To Be Exculpatory Evidence If It Had Not Been Withheld.

The Trial Court Abused Its Discretion For Refusing To Give Appellant Disclosure Of Testimony Taken Before The Grand Jury

### III.  Motion to Withdraw Guilty Plea

**{¶7}**     Whitaker's notice of appeal states that he appeals "from the order denying Defendant's Motion to Withdraw Guilty Plea," and in the "Statement of the Case" portion of his appellate brief, Whitaker asserts that this order "is now before this Court on appeal."  (Appellant's Br. 1).  However, when Whitaker framed his assignments of error and analyzed them in his brief, he failed to specifically relate the assigned errors to the denial of his motion.  In fact, all of his assignments refer to purported errors that would have occurred prior to any proceedings on his motion to withdraw his plea.  Because Whitaker has specifically appealed from the denial of that motion, we will treat his assignments of error as arguments that support his general contention that the court's decision on the motion to withdraw was erroreous.

**{¶8}**     Crim.R. 32.1 provides:  "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the

court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant seeking to withdraw a guilty plea after sentencing has the burden to establish that a manifest injustice will occur if the plea stands. *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, at paragraph one of the syllabus. A manifest injustice is "a clear or openly unjust act." *State v. Dotson*, Washington App. No. 03CA53, 2004-Ohio-2768, at ¶5, citing *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 1998-Ohio-271, 699 N.E.2d 83. This extremely high standard permits a defendant to withdraw his guilty plea only in extraordinary cases. *State v. Allison*, Pickaway App. No. 06CA9, 2007-Ohio-789, at ¶7, citing *Smith* at 264.

{¶9} Ultimately, the decision to grant or deny a Crim.R. 32.1 motion is committed to the sound discretion of the trial court, and "the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Smith* at paragraph two of the syllabus. Appellate review of the denial of a post-sentence motion to withdraw a guilty plea is therefore limited to a determination of whether the trial court abused its discretion. The term "abuse of discretion" connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 138, 566 N.E.2d 1181.

{¶10} Whitaker contends that he did not knowingly, voluntarily, or intelligently enter his plea for various reasons and (implicitly) that the court should have subsequently allowed him to withdraw it. In his first assignment of error, Whitaker

claims the court should have allowed him to withdraw his plea because at the change of plea hearing, he told the court he was only entering it under duress.  However, Whitaker failed to provide a copy of the transcript from the change of plea hearing for our review.  Nor is there a transcript of an oral hearing on the motion to withdraw the plea.  The appellant has the duty to provide a transcript for appellate review.  *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (per curiam).  "This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record."  Id., citing *State v. Skaggs* (1978), 53 Ohio St.2d 162, 372 N.E.2d 1355; see, also, App.R. 9(B). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."  Id.  Based on this state of the record, we cannot find an abuse of discretion.  Accordingly, we reject Whitaker's first "assignment of error."

{¶11}  Whitaker also contends that he did not knowingly, voluntarily, or intelligently enter his plea due to deficiencies in his trial counsel's performance.  In his second "assignment of error," Whitaker contends that trial counsel pressured him to accept a plea bargain and "assur[ed] him he would definitely be retaliated against" if he did not plead guilty.  (Appellant's Br. 16).  In his fourth "assignment of error," Whitaker contends that trial counsel "refused to investigate" certain aspects of the case or file certain motions and implies counsel's deficient performance prevented his plea from being knowing, intelligent, or voluntary.  However, these arguments are based on private communications between Whitaker and his attorney, i.e. they depend on

evidence outside the record.  Accordingly, these issues are not appropriate for review on direct appeal; the proper vehicle for Whitaker to raise these arguments is in a petition for post-conviction relief under R.C. 2953.21.  *State v. Cooperrider* (1983), 4 Ohio St.3d 226, 228, 448 N.E.2d 452 (per curiam).  Therefore, we reject them.  Accordingly, we overrule the second and fourth assignments of error.

{¶12}  In his sixth "assignment of error," Whitaker contends that the State and trial court violated his due process rights when they improperly refused to give him certain discovery that would have "enable[d] him to challenge the indictment of the instant case." (Appellant's Br. 19).  In his seventh "assignment of error," Whitaker claims the trial court abused its discretion by not ordering the disclosure of grand jury testimony to him.  However, "a guilty plea waives all nonjurisdictional appealable errors, except for those which preclude a knowing, intelligent and voluntary plea." *State v. Mayes,* Gallia App. No. 03CA9, 2004-Ohio-2027, at ¶13, citing *State v. Spates*, 64 Ohio St.3d 269, 272-273, 1992-Ohio-130, 595 N.E.2d 351.  Although Whitaker raised these alleged nonjurisdictional errors in his motion to withdraw, he does not argue that they prevented him from making a knowing, intelligent or voluntary plea, so he has waived them.  We overrule his sixth and seventh assignments of error.

{¶13}  In his third assignment of error, Whitaker claims trial counsel gave him "faulty legal advice" that induced him to plead guilty.  He argues that counsel gave him "false information" about what would happen if counsel interviewed and subpoenaed Whitaker's "alibi witness." (Appellant's Br. 16).  He also complains that counsel gave him an outdated set of "Rules of Court" to present during a pretrial hearing when Whitaker was trying to obtain a certain police report and "did nothing further to help

Appellant to obtain this needed document." (Appellant's Br. 16). In his fifth assignment of error, Whitaker contends that the assistant prosecutor wrongfully allowed him to enter a guilty plea. He specifically complains that the assistant prosecutor "never identified the State[']s evidence or what it would prove at trial before accepting Appellant's guilty plea." (Appellant's Br. 18). However, Whitaker did not raise these arguments in his motion to withdraw his plea, and we will not consider them for the first time on appeal. See *State v. Seymour*, Hocking App. No. 01CA6, 2001-Ohio-2561, 2001 WL 1627986, at *3. We overrule the third and fifth assignments of error.

{¶14} Having overruled each of the assignments of error, we affirm the trial court's judgment denying Whitaker's motion to withdraw his guilty plea.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Kline, J. & McFarland, J.:  Concur in Judgment and Opinion.


For the Court

BY: _____
William H. Harsha, Presiding Judge




## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**
.