THE STATE OF OHIO, APPELLEE,
*v.* DUKES, APPELLANT.

(No. 51247—Decided December 29, 1986.)

*John T. Corrigan,* prosecuting attorney, and *Thomas P. O'Donnell,* for appellee.

*Robert M. Ingersoll* and *Roosevelt Cox,* for appellant.

PATTON, J. This appeal arises from a judgment entered by the Cuyahoga County Court of Common Pleas which found the appellant, Kenneth Dukes, guilty of one count of kidnapping, in violation of R.C. 2905.01, and one count of felonious assault, in violation of R.C. 2903.11. The facts giving rise to this appeal, as contained in the record, provide the following.

On March 30, 1985, at or around 9:00 a.m., an argument developed between appellant Dukes and Sandra Wynn at Wynn's residence. The argument continued throughout the morning and into the afternoon.

At around 4:00 p.m., the argument became violent. Wynn testified that appellant struck her in the back of the head with an ashtray. Thereafter, appellant repeatedly beat Wynn with various fireplace implements, including a poker, tongs, shovel and a metal base stand used to hold these tools. Dukes then tied Wynn's hands together behind her back with a telephone cord. He also tied Wynn's feet together so that she was, in effect, "hog-tied" on the floor. After Wynn requested an ambulance, Dukes gagged her with his handkerchief. Dukes continued to

strike Wynn for over three hours, until approximately 7:15 p.m.

Sandra Wynn testified that at that time, appellant hurriedly packed his clothes. Before leaving the house, Dukes cut the cord tying the victim's feet together. Wynn testified that she managed to escape and that she ran to a neighbor's house, where she collapsed. Wynn was later taken to the hospital, where she remained hospitalized for almost one week. Appellant Dukes was arrested later the same evening when he was observed driving the victim's automobile.

Trial in this matter was scheduled to commence on August 5, 1985 on charges of kidnapping, R.C. 2905.01, and attempted murder, R.C. 2903.03 and 2923.02. On July 29, 1985, appellant moved for an order permitting independent analysis of the blood on the alleged criminal instrumentalities. The motion was granted on August 1, 1985 on the condition that appellant's expert personally appear at the Cleveland Police Department to conduct the tests. The trial date was continued until August 26, 1985.

On August 13, 1985, the trial counsel retained by appellant, attorney Gail Oettinger, filed a motion to withdraw her name as attorney of record on the ground that appellant had instructed her that he no longer wanted her to represent him in this matter. At a brief hearing immediately prior to the commencement of trial, it was discovered that appellant had requested counsel's withdrawal when he learned that her partner, Thomas McIntyre, had represented the victim Wynn in the past, and that he believed McIntyre was presently representing Wynn. Appellant stated that he was reluctant to assist his counsel in his defense because he believed that the defense strategy, including prospective witnesses, was being communicated regularly to Wynn through his trial counsel's partner. Appellant's trial counsel stated that in late July or early August, appellant informed her that he had lost confidence in her and no longer wanted her to represent him. She corroborated that appellant was uncooperative in assisting in his defense and stated that his lack of cooperation had compromised her ability to defend him.

The trial court contacted attorney McIntyre by telephone and was satisfied that McIntyre was not representing Wynn at the present time. The court concluded that there was no conflict of interest and accordingly overruled the motion to withdraw as counsel.

At the same time, the trial court overruled appellant's request for the state to provide financial assistance in obtaining an expert for the independent analysis of the blood. The court stated that it had previously granted the motion in part, but that the motion made on the morning of trial was out of rule.

At the close of all the evidence, the trial court instructed the jury on the kidnapping charge and also instructed the jury on attempted murder and the lesser included offense of felonious assault, R.C. 2903.11. On August 28, 1985, the jury returned a verdict of guilty to the charges of kidnapping and felonious assault.

On November 27, 1985, appellant filed a notice of appeal.

Appellant raises four assignments of error in this appeal:

"I. The trial court erred and denied Kenneth Dukes * * * his constitutionally mandated right to effective assistance of counsel.

"II. The crimes of felonious assault and kidnapping in the case at bar are allied offenses of similar import, and Kenneth Dukes' conviction on both charges denies him liberty without due process of law.

"III. The verdict was against the weight of the evidence.

"IV. The appellant was convicted with evidence insufficient as a matter of law thereby denying him his due process rights guaranteed him by the Fourteenth Amendment to the United States Constitution and Article I, Sec. 16 of the Ohio Constitution."

## I

For his first assignment of error, appellant submits that he was denied his constitutionally mandated right to effective assistance of counsel. Appellant's constitutional challenge is twofold: first, appellant contends that the trial court denied him effective assistance of counsel when it refused to permit Dukes' retained trial counsel, pursuant to a motion filed almost two weeks earlier, to withdraw as attorney of record so that Dukes could have the retained counsel of his choice; and second, appellant contends that the trial court abused its discretion and denied him effective assistance of counsel when it refused a defense continuance made on the morning of the trial so that a defense expert could examine the state's evidence. We believe that the second challenge is meritless but that the first contention has merit. Accordingly, we believe that the judgment must be reversed and that the appellant must be granted a new trial.

A. The Sixth Amendment right to counsel, applicable to the states through the Due Process Clause of the Fourteenth Amendment, has repeatedly been recognized as the cornerstone of our criminal justice system. See, *e.g., Gideon* v. *Wainwright* (1963), 372 U.S. 335, 23 O.O. 2d 258; *Powell* v. *Alabama* (1932), 287 U.S. 45. In order for counsel to effectively assist the defendant in preparing a defense strategy, the defendant must have some degree of trust and confidence in his counsel and must be able to engage in full and frank communications with counsel. In *Upjohn Co.* v. *United States* (1981), 449 U.S. 383, the court observed that the purpose of the attorney-client privilege is " 'to encourage clients to make full disclosure to their attorneys.' " *Id.* at 389 (quoting *Fisher* v. *United States* [1976], 425 U.S. 391, 403).

In the instant appeal, we are confronted with the question of whether on the morning of the trial, and nearly two weeks after counsel's motion to withdraw was filed, the trial court abused its discretion in not granting a continuance when it appeared that appellant had not cooperated with his retained defense counsel in preparing his defense and, in fact, ·had discharged her out of mistrust, and where counsel acknowledged that appellant's lack of cooperation had compromised her ability to prepare a defense. We believe that under the facts of this case the trial court abused its discretion and denied appellant his Sixth Amendment right to counsel.

Initially, we emphasize that an accused does not have an absolute right to a continuance upon the withdrawal or discharge of counsel and that the decision to grant such a continuance rests with the sound discretion of the trial court. See *Thurston* v. *Maxwell* (1965), 3 Ohio St. 2d 92, 93, 32 O.O. 2d 63, 64, 209 N.E. 2d 204, 205. Nevertheless, our review of the relevant Ohio decisions persuades us that the trial court abused its discretion in not granting a continuance so that appellant could retain new counsel. In *State* v. *Pruitt* (1984), 18 Ohio App. 3d 50, 18 OBR 163, 480 N.E. 2d 499, we held that the defendant was denied effective assistance of counsel where the record revealed the defendant's total lack of cooperation and trust of his newly assigned counsel. In *Pruitt,* there was no indication that defendant's timely request for other

counsel was for purposes of delay or was made in bad faith. *Id.* at 56-57, 18 OBR at 170, 480 N.E. 2d at 507. Similarly, in *State* v. *Bronaugh* (1982), 3 Ohio App. 3d 307, 3 OBR 354, 445 N.E. 2d 262, the court held that the trial court abused its discretion in refusing to grant the defendant's and counsel's joint pretrial motion for a continuance to obtain new counsel where the defendant refused to cooperate and communicate with counsel two weeks before trial, and where counsel expressed that he was unable to properly represent the defendant at trial. *Id.* at 307-308, 3 OBR at 355, 445 N.E. 2d at 263.

In the instant case, we believe that the court below erred in proceeding with the trial instead of granting a short continuance. Counsel's motion to withdraw as counsel of record was filed at appellant's request on August 13, 1985. Inexplicably, the trial court did not review the motion until the morning of trial, on August 26, 1985. We believe that this motion was timely. There is nothing in the record to suggest that it was asserted merely for purposes of delay or otherwise in bad faith. This record indicates that there would have been ample time for the court to have granted a continuance without implicating appellant's right to a speedy trial under R.C. 2945.71.

Moreover, the record indicates that appellant informed his trial counsel in late July or early August of his lack of trust in her. The record in this case indicates that appellant's suspicions, no matter how incorrect, were not without some basis. Appellant had heard that his trial counsel's partner was then representing the prosecutrix, Sandra Wynn. By counsel's own admission, appellant's uncooperativeness compromised her ability to present an adequate defense on appellant's behalf. Under these circumstances, we believe that the trial court did not properly balance the legitimate interest in the administration of justice against the appellant's fundamental right to counsel. We believe that this error deprived appellant of his Sixth Amendment right to counsel and that accordingly the judgment must be reversed and a new trial ordered.

While we believe that this issue alone is dispositive of this appeal, we will proceed to address the remainder of appellant's assignments of error.

B. Appellant's second claim to ineffective assistance of counsel is premised on the claim that the trial court abused its discretion when it refused to grant a continuance so that a defense expert could examine the state's evidence. We conclude that the trial court did not abuse its discretion in refusing to grant the requested continuance.

Initially, we note that while appellant has raised this error under the guise of "ineffective assistance of counsel," appellant has not identified any acts or omissions on the part of trial counsel in this respect which would give rise to a claim of ineffective assistance of counsel. See, *e.g., State* v. *Lytle* (1976), 48 Ohio St. 2d 391, 2 O.O. 3d 495, 358 N.E. 2d 623. Thus, appellant has not established a violation of the Sixth Amendment in this respect.

Moreover, a trial court is vested with broad discretion on matters involving requested continuances and will be reversed only on a showing of a clear abuse of discretion. See *Thurston* v. *Maxwell, supra.* Under these circumstances, we do not believe that the court below abused its discretion when it denied appellant's untimely motion for a second continuance to examine the fireplace implements. This portion of the first assignment of error is without merit.

\* \* \*[1]

Because we conclude that appellant's first assignment is, in part, well-taken, the judgment is reversed and a new trial is ordered.

*Judgment reversed.*

ANN McMANAMON, J., concurs.

JACKSON, P.J., concurs in judgment only.

———

[1] The text of the opinion as it appears herein was abridged by Judge Patton.