OPINION
On March 27, 2000, the Stark County Grand Jury indicted appellant, Clyde Kuhn, on one count of breaking and entering in violation of R.C.2911.13. Said charge arose from the theft of money at the Pastime Inn in Canton, Ohio.
A jury trial commenced on May 4, 2000. The jury found appellant guilty as charged. By judgment entry filed May 8, 2000, the trial court sentenced appellant to twelve months in prison.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED APPELLANT'S MOTION FOR NEW TRIAL COUNSEL TO BE APPOINTED BEFORE THE START OF HIS TRIAL.
 II THERE WAS INSUFFICIENT EVIDENCE TO FIND THE APPELLANT GUILTY OF BREAKING AND ENTERING AND HIS CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COUNSEL FAILED TO CROSS-EXAMINE THE POLICE OFFICER WHO TESTIFIED AGAINST THE APPELLANT.
 I
Appellant claims the trial court erred in denying his request for new trial counsel. We disagree.
In State v. Deal (1969), 17 Ohio St.2d 17, syllabus, the Supreme Court of Ohio held the following:
 Where, during the course of his trial for a serious crime, an indigent accused questions the effectiveness and adequacy of assigned counsel, by stating that such counsel failed to file seasonably a notice of alibi or to subpoena witnesses in support thereof even though requested to do so by accused, it is the duty of the trial judge to inquire into the complaint and make such inquiry a part of the record. The trial judge may then require the trial to proceed with assigned counsel participating if the complaint is not substantiated or is unreasonable.
The decision whether to proceed with court appointed counsel lies in the trial court's sound discretion. State v. Dukes (1986),34 Ohio App.3d 263. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. It is axiomatic that appellant has the right to court appointed counsel, but not the right to pick and choose that counsel. State v. Marinchek (1983), 9 Ohio App.3d 22; Statev. Haberek (1988), 47 Ohio App.3d 35.
On April 26, 2000, some eight days before trial, appellant requested that the trial court replace his court appointed counsel, Attorney Richard Drake:
 DEFENDANT: * * *And this guy right here, he acts like he should be in that seat right there when he talks to me. The question was do you want 10 months in the Stark County Jail or would it be nine?
MR. DRAKE: That's up to you.
 DEFENDANT: What I am requesting, this man I never could get along with him. And we always had a conflict.
 THE COURT: Just so you understand, Mr. Kuhn, you don't have the right to pick and choose appointed counsel. I'm not going to change counsel.
April 26, 2000 T. at 4.
Appellant renewed the request at the beginning of the trial. T. at 6-7. However, except for some argument about the possible length of his potential sentence, appellant did not point to any specific failure by Mr. Drake in representing him. Appellant argued he did not deserve a big sentence and he had never gotten along with Mr. Drake.
We concur with the trial court that these are insufficient reasons to have court appointed counsel removed.
Assignment of Error I is denied.
 II
Appellant claims his conviction was against the manifest weight of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v.Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. We note "circumstantial evidence may be more certain, satisfying and persuasive than direct evidence." State v. Richey (1992), 64 Ohio St.3d 353, 363. Circumstantial evidence is to be given the same weight and deference as direct evidence. Jenks.
Appellant was convicted of breaking and entering in violation of R.C.2911.13 which states as follows:
 No person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony.
 No person shall trespass on the land or premises of another, with purpose to commit a felony.
The evidence was very straightforward. Anthony Meola, the owner of the Pastime Inn, testified he counted the money in the register and closed up the bar, locking the door and setting the alarm. T. at 92-93, 98. Upon arriving at his vehicle, Mr. Meola saw appellant and asked him what he was doing there. T. at 92. Appellant said "oh, I thought you were sick."Id. Upon arriving at home, Mr. Meola's wife told him the alarm had gone off at the bar and the police were waiting for him. T. at 93. The only other person who had a key to the bar was Mr. Meola's barmaid, Sue Arrendale. T. at 94, 97, 101. Ms. Arrendale confirmed the fact that she had a key to the bar. T. at 108. Ms. Arrendale told the police that appellant had lived in her house for about two and one-half months and had access to the key which is "usually on top of my dresser or in top of my drawer. T. at 104, 108-109. When appellant was arrested later that night, he had in his possession wrapped coins and bills which were identical to the money taken from the bar. T. at 95-97, 118-119; State's Exhibit 2. Appellant also had a set of keys, one of which fit the door to the bar. T. at 120-121.
Appellant testified at the trial. He admitted to talking to Mr. Meola after he closed up the bar, but denied breaking into the bar. T. at 126-127, 133. Appellant stated he found a "little lump of money," a "roll of quarters" and a set of keys in an alley near the bar after seeing some people go up the alley. T. at 127-128, 134, 137-138. Appellant stated the keys did not belong to him. T. at 130-131.
Although the jury's verdict is based upon circumstantial evidence, we find the clear evidence of close proximity to the bar at the time of the crime and the possession of identical money from the bar and the key to the bar on his person are all together sufficient to support a conviction. We find no manifest miscarriage of justice.
Assignment of Error II is denied.
 III
Appellant claims he was denied effective assistance of trial counsel because his trial counsel did not cross-exam the investigating officer, Officer Victor George. We disagree.
The standard this issue must be measured against is set out in Statev. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
This court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight." State v. Post (1987), 32 Ohio St.3d 380, 388.
On February 18, 2000, Officer George responded to a call to an ADT alarm drop at the Pastime Inn. T. at 112-113. Officer George's testimony centered upon the investigation of the break-in and his conversations with Mr. Meola and Ms. Arrendale which led him to appellant. Officer George testified after Mr. Meola and Ms. Arrendale. The only new evidence presented by Officer George's testimony was what he found in appellant's possession when he searched him for weapons i.e., "rolls of coins and large wrapers (sic) of bills folded" and a set of keys. T. at 118, 120; State's Exhibit 2. Officer George testified the wrappers on the bills were from the Huntington Bank and they were dated February 8. T. at 119. Prior to this testimony, Mr. Meola had testified as to the wrappers from Huntington Bank and the amount and designation of the bills. T. at 95-97. Officer George testified a key on the key ring opened the side door to the bar. T. at 121. Prior to this testimony, both Mr. Meola and Ms. Arrendale had testified as to the number of keys in existence. T. at 94, 97, 101, 108.
Although there was no cross-examination of Officer George, we do not find a deficiency in legal representation because the only new evidence presented involved the items recovered on appellant's person, the money and the key that opened the bar's door. T. at 118-120. We find no error in failing to cross-exam Officer George on the search.
Assignment of Error III is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
Farmer, J.
Edwards, P.J. and Gwin, J. concur.