OPINION *Page 2 
{¶ 1} On April 27, 2007, the Licking County Grand Jury indicted appellant, Bradley Oiler, on one count of aggravated robbery in violation of R.C. 2911.01, one count of robbery in violation of R.C. 2911.02, and one count of weapons under disability in violation of R.C. 2923.13. There was also a firearm specification in violation of R.C. 2941.145. Said charges arose from the robbery of Daniel Hawk and Leonard Fulton.
 {¶ 2} On August 30, 2007, appellant sent a letter to the trial court requesting new counsel because his current counsel was ineffective in failing to file a motion to suppress or a motion to dismiss for violation of speedy trial rights. By judgment entry filed same date, the trial court denied the request.
 {¶ 3} On August 31, 2007, defense counsel filed a motion to dismiss based upon speedy trial rights. A hearing was held on September 10, 2007 whereupon the trial court denied the motion.
 {¶ 4} On September 11, 2007, the day of the scheduled trial, appellant renewed his request for new counsel. The trial court denied the request. Thereafter, appellant pled no contest to the charges. By judgment entry filed September 11, 2007, the trial court found appellant guilty, and sentenced him to an aggregate term of nine years in prison.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "DID THE TRIAL COURT ERR WHEN IT WOULD NOT APPOINT NEW COUNSEL FOR MR. OILER?" *Page 3 
 II {¶ 7} "DID THE TRIAL COURT ERR WHEN IT ACCEPTED HIS NO CONTEST PLEAS, EVEN THOUGH MR. OILER SAID HE WAS NOT SATISFIED WITH HIS ATTORNEY?"
 I {¶ 8} Appellant claims the trial court erred in not appointing him new counsel. We disagree.
 {¶ 9} The decision whether to discharge court-appointed counsel is within the trial court's sound discretion. State v. Dukes (1986),34 Ohio App.3d 263. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983) 5 Ohio St.3d 217.
 {¶ 10} "The right to counsel guaranteed by the Sixth Amendment of the United States Constitution and Section 10 Article I of the Ohio Constitution does not always mean counsel of one's own choosing.State v. Marinchek (1983), 9 Ohio App.3d 22, 23. The right to counsel must be balanced against the public's right to prompt, orderly and efficient administration of justice. Moreover, the right of a defendant to select his own counsel is inherent only in the cases where the accused is employing counsel himself. Thurston v. Maxwell (1965),3 Ohio St.2d 92, 93. Therefore, the right to have counsel assigned by the court does not impose a duty on the court to allow the defendant to choose his own counsel. In fact, to discharge a court-appointed attorney, the defendant must show a breakdown in the attorney-client relationship of such magnitude as to *Page 4 
jeopardize the defendant's right to effective assistance of counsel.State v. Coleman (1988), 37 Ohio St.3d 286, paragraph four of the syllabus, certiorari denied (1988), 102 L.Ed.2d 238." State v.Bowman (December 21, 1990), Crawford App. No. 3-89-18, at 2.
 {¶ 11} On the morning of trial, defense counsel explained the situation as follows:
 {¶ 12} "MR. WRIGHT: Your Honor, it's my — it's my client's wish that he wants to renew his motion for a new trial attorney in this proceeding. He's indicated he's not happy with my representation to date. This has caused some breakdown in communications. And while I will let Mr. Oiler speak to the motion, his own motion himself, I was — but for the Court's edification would say that it has caused some difficulties in preparing for this trial as in the prosecutor had wanted to stipulate to a prior record, juvenile adjudication which I would typically agree to in order to keep evidence of prior offenses coming in before the jury and being explained, Mr. Oiler has indicated he doesn't — that he will not allow me to stipulate to anything, which I think is his right, but I just — these are the type of difficulties that have occurred going through this breakdown in communication.
 {¶ 13} "I am prepared and I can go forward with this case, but I just — I will say that in defense of his motion or in furtherance of his motion, there has been a breakdown of communication as we've proceeded. But I would — having said that, I will allow him to proceed with his motion. T. at 3-4.
 {¶ 14} Appellant then explained to the trial court that his counsel was ineffective for failing to file a motion to suppress, and he was "not going to proceed with him." T. at 4-5. The trial court denied appellant's request for new counsel, stating the following: *Page 5 
 {¶ 15} "THE COURT: I'm sorry you feel that way, but that's not your choice. I'll deny your motion for a new attorney made on the morning of the trial today.
 {¶ 16} "You were here yesterday for a speedy trial motion which didn't have any basis to it which I denied. I didn't see any lack of communication then at all." T. at 5-6.
 {¶ 17} Appellant then continued to argue with the trial court regarding the scheduling of his trial. T. at 6. The trial court noted "[t]here hasn't been any breakdown in communication at all. The only breakdown is you're not getting the outcome that you desire. I'm sorry. We haven't had any outcome yet and you don't like the advice that you're hearing." T. at 6-7. Appellant proceeded to argue with the trial court as follows:
 {¶ 18} "DEFENDANT: No, it's not in his best interest to get me off or, you know, get me a minimum sentence. He's running for judge.
 {¶ 19} "THE COURT: So what.
 {¶ 20} "DEFENDANT: That conflicts with, you know, my case.
 {¶ 21} "THE COURT: I disagree.
 {¶ 22} "DEFENDANT: In the public's eye it's not going to look good if he gets me a minimum sentence.
 {¶ 23} "THE COURT: I don't think you're a very good judge of what the public perceives or not, Mr. Oiler.
 {¶ 24} "DEFENDANT: I mean, I'm innocent right now.
 {¶ 25} "THE COURT: I disagree. I'll overrule your motion. It's time for the jury to come in and start the proceedings." T. at 7.
 {¶ 26} Appellant's objections to his counsel were not supported by any evidence. Defense counsel filed a motion to dismiss for speedy trial rights on August 31, 2007. *Page 6 
The motion was heard on September 10, 2007 and denied. The trial court had continued the trial sub judice from July 11, 2007 to September 11 and 12, 2007, the next available date, "due to an older and earlier-scheduled matter having proceeded to trial on July 10, 2007 and continued to today, July 11, 2007." See, Judgment Entry filed July 11, 2007.
 {¶ 27} Upon review, we find the trial court did not err in denying appellant's request for new counsel.
 {¶ 28} Assignment of Error I is denied.
 II {¶ 29} Appellant claims the trial court erred in accepting his no contest plea when he had previously requested a change of counsel. We disagree.
 {¶ 30} Crim. R. 11 governs pleas. Subsection (C)(2) states the following:
 {¶ 31} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 32} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 33} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence. *Page 7 
 {¶ 34} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 35} Just prior to bringing in the jury and starting the jury trial, defense counsel requested a five minute recess. T. at 8. A recess was taken from 9:17 a.m. until 9:40 a.m. T. at 9. Thereafter, appellant expressed his desire to enter a no contest plea. Id. The trial court proceeded to engage appellant in a Crim. R. 11 colloquy. T. at 11-21. Although appellant again voiced his dissatisfaction with his counsel, he nevertheless freely entered his no contest plea. T. at 18, 21.
 {¶ 36} After reviewing the Crim. R. 11 colloquy, we find the trial court did not err in accepting appellant's plea given appellant's affirmations that he wanted to make the no contest plea. T. at 21.
 {¶ 37} Assignment of Error II is denied. *Page 8 
 {¶ 38} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
 Farmer, P.J. Wise, J. and Delaney, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. *Page 1