[Cite as *State v. Bolduc*, 2022-Ohio-2303.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| CHRISTOPHER BOLDUC | : | Case No. 2021 CA 00098 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
                             Pleas, Case No. 21 CR 00319



JUDGMENT:                    Affirmed



DATE OF JUDGMENT:            June 30, 2022



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CLIFFORD J. MURPHY                        KIMBERLYN SECCURO
20 North Second Street                    720 South High Street
4th Floor                                 Columbus, OH  43206
Newark, OH  43055

*Wise, Earle, P.J.*

{¶ 1}   Defendant-Appellant, Christopher Bolduc, appeals his November 16, 2021 conviction by the Court of Common Pleas of Licking County, Ohio.  Plaintiff-Appellee is state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   On June 10, 2021, the Licking County Grand Jury indicted appellant on one count of escape in violation of R.C. 2921.34.  Said charge arose from appellant's failure to comply with postrelease control requirements following his release from prison on October 13, 2018.

{¶ 3}   Appellant was appointed counsel.  On August 6, 2021, appellant's trial counsel filed a motion for psychiatric evaluation to determine appellant's competency to stand trial.  The request was granted.  In a letter to the trial court filed August 19, 2021, appellant requested new trial counsel because his attorney was "not wanting to defend or protect my rights, nor my best interests."  A hearing was held on September 1, 2021.  The trial court delayed ruling on the request for new counsel until the psychiatric evaluation was completed.  On October 8, 2021, the trial court declared appellant was competent to stand trial and assist in his own defense.  The trial court never ruled on the request for new counsel.

{¶ 4}   On November 16, 2021, appellant pled no contest to the charge.  By judgment of conviction and sentence filed same date, the trial court found appellant guilty and sentenced him to community control which was time served.

{¶ 5}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN DENYING DEFENDANT-APPELLANT BOLDUC'S MOTION FOR NEW COUNSEL AFTER BOLDUC DEMONSTRATED THAT A BREAKDOWN IN THE ATTORNEY-CLIENT RELATIONSHIP OCCURRED, THUS DENYING BOLDUC HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL."

II

{¶ 7} "THE TRIAL COURT ERRED WHEN FOLLOWING MR. BOLDUC'S NO CONTEST PLEA, IT FOUND MR. BOLDUC GUILTY BECAUSE THE STATE'S EXPLANATION WAS INSUFFICIENT TO SUPPORT THE TRIAL COURT'S FINDING OF GUILT."

I

{¶ 8} In his first assignment of error, appellant claims the trial court abused its discretion in denying his request for new counsel and therefore he was denied the effective assistance of counsel. We disagree.

{¶ 9} The decision whether to discharge court-appointed counsel is within the trial court's sound discretion. *State v. Dukes,* 34 Ohio App.3d 263, 518 N.E.2d 28 (8th Dist.1986). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 10} As explained by our colleagues from the Third District in *State v. Bowman,* 3d Dist. Crawford No. 3-89-18, 1990 WL209806, *2 (Dec. 21, 1990):

The right to counsel guaranteed by the Sixth Amendment of the United States Constitution and Section 10 Article I of the Ohio Constitution does not always mean counsel of one's own choosing. *State v. Marinchek* (1983), 9 Ohio App.3d 22, 23. The right to counsel must be balanced against the public's right to prompt, orderly and efficient administration of justice. Moreover, the right of a defendant to select his own counsel is inherent only in the cases where the accused is employing counsel himself. *Thurston v. Maxwell* (1965), 3 Ohio St.2d 92, 93. Therefore, the right to have counsel assigned by the court does not impose a duty on the court to allow the defendant to choose his own counsel. In fact, to discharge a court-appointed attorney, the defendant must show a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel. *State v. Coleman* (1988), 37 Ohio St.3d 286, paragraph four of the syllabus, certiorari denied (1988), 102 L.Ed.2d 238.

{¶ 11} In order to show ineffective assistance of counsel, appellant must show his counsel's performance fell below an objective standard of reasonable representation and he was prejudiced from such performance. *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989)

{¶ 12} During the September 1, 2021 hearing at 3-4, appellant told the trial court the following:

DEFENDANT: Honestly, I just want to be frank. I just feel that he's not representing me right for the only simple fact he's not trying to listen to my evidence or - - he's just questioning me, and honestly I feel - - I understand where he's coming from that I do need to speak with psy - - with a doctor and all that but mentally I'm not disturbed or crazy but I do - -

THE COURT: Okay. I've ordered a competency evaluation, correct?

DEFENDANT: Right. But, I also wanted him to go over my evidence and talk to my witnesses and stuff like that and I just - - we just ain't been able - - he's pretty much putting a finger on me like I did something wrong, but really that's debate - - a debate between you and God himself, not him.

THE COURT: Say that again now.

DEFENDANT: The decision is - - is up to you. He's over here saying it's me, me, me, but it's really it's not all about me.

THE COURT: Decision to do what?

DEFENDANT: That I was having problems with my parole officer. We just couldn't - - it's just something that I really don't care to discuss with, I mean, because it's pretty - -

{¶ 13} Appellant then tried to defend his actions and the trial court repeatedly tried to keep him focused on his request for new counsel. Appellant agreed he might need to be evaluated and did not object to his counsel requesting the evaluation. *Id.* at 6. Appellant felt his counsel was not understanding that "I did everything to my best

knowledge and things isn't followed through." *Id.* at 8. The last time appellant spoke to his counsel, he "was overwhelmed." *Id.* Appellant wanted his counsel to talk to his witnesses and go over his evidence. *Id.* at 8-9. The trial court explained to appellant the first issue was to determine if he was competent to stand trial and then his counsel could gather all of his evidence if "you're in the state of mind to be able to help with your defense." *Id.* at 13. Trial counsel informed the trial court he had spoken to some of appellant's witnesses, but he explained he does not meet with clients while a competency evaluation is pending because sometimes prosecutors will argue "if you can go meet with him in the jail, then he must be fine." *Id.* at 14. The trial court told appellant it would not rule on his request for new counsel until after the evaluation because "frankly, if - - you may not be able to really ask me * * * knowingly and intelligently for a new lawyer." *Id.* at 14-15. Appellant stated he understood that. *Id.* at 15.

{¶ 14} During the plea hearing, appellant stated he was able to communicate with his attorney, and he had enough time to talk to his attorney, "[l]ike six months." November 16, 2021 T. at 9. Appellant thought "that was pretty good." *Id.* at 10. Appellant agreed his attorney talked to him about the case, answered his questions, and reviewed all the legal documents and discovery with him. *Id.* When asked if he was satisfied with the advice his attorney gave him, appellant stated "it's over with," "I'm getting out," and he felt it was a pretty good deal. *Id.*

{¶ 15} Appellant did not show any cause to have his court-appointed attorney replaced. A review of the record indicates he was adequately represented by counsel. Appellant could have been sentenced up to twelve months in prison; instead he was sentence to time served and court costs were suspended. *Id.* at 12, 21. Appellant has

not shown any trial counsel deficiency nor any prejudice by counsel's representation. Appellant was not denied the effective assistance of counsel.

{¶ 16} Upon review, we find the trial court did not abuse its discretion in denying appellant's request for new appointed counsel therefore denying him the effective assistance of counsel.

{¶ 17} Assignment of Error I is denied.

II

{¶ 18} In his second assignment of error, appellant claims the trial court erred in finding him guilty because the state's explanation of the facts was insufficient to support the guilty finding.  We disagree.

{¶ 19} The trial court found appellant guilty of escape in violation of R.C. 2921.34(A)(3) which states:

No person, knowing the person is under supervised release detention or being reckless in that regard, shall purposely break or attempt to break the supervised release detention or purposely fail to return to the supervised release detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement.

{¶ 20} "A person acts purposely when it is the person's specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain

nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature." R.C. 2901.22(A).

{¶ 21} During the November 16, 2021 plea hearing at 18-19, the state offered the following recitation of the facts:

On October 13th, 2018, Christopher Bolduc, the Defendant, was released from prison and placed on post-release control for a period of three years after being convicted of burglary, a felony of the third degree, in Licking County Common Pleas Court Case No. 2016 CR 00319.

On January 4th, 2021, the Defendant was declared a violator at large after the APA was unable to locate him and a warrant for his arrest was issued. Throughout the time between his release and his ultimate arrest on this case, the Defendant told APA that he was tired of being on parole and indicated that he was - - no longer wished to report. He was arrested for non-reporting multiple times.

On March 29th, 2021, the Defendant was arrested and housed at the Licking County Justice Center. He was released on April 6th, 2021, and an electric monitor was placed on his person as a sanction. On April 16th, 2021, the monitor generated a dead battery report. The Defendant was made aware that he needed to report to the APA on April 26, 2021. The Defendant failed to report as instructed, and the last contact the Defendant had with APA officer was on April 8th, 2021, at the Licking County APA office. The Defendant was declared a violator at large in May of 2021 and

a warrant was again issued for the Defendant's arrest. The Defendant was arrested on May 27th, 2021, on the warrant.

{¶ 22} These facts were uncontested. We find the recitation was sufficient for the trial court to find appellant purposefully committed the offense of escape in violation of R.C. 2921.34(A)(3).

{¶ 23} Assignment of Error II is denied.

{¶ 24} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Wise, Earle, P.J.

Delaney, J. and

Baldwin, J. concur.

EEW/db