[Cite as *State v. Franklin*, 2022-Ohio-2405.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| TE'QUAN FRANKLIN | : | Case No. 2021-AP-11-0028 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common Pleas, Case No. 2021-CR-03-0108


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        July 12, 2022


APPEARANCES:

For Plaintiff-Appellee                           For Defendant-Appellant

KRISTINE W. BEARD                           DAN GUINN
125 E. High Avenue                            232 West 3rd Street
New Philadelphia, OH   44663            Suite 312
                                               Dover, OH   44622

*Wise, Earle, P.J.*

{¶ 1}  Defendant-Appellant, Te'Quan Franklin, appeals his October 15, 2021 conviction by the Court of Common Pleas of Tuscarawas County, Ohio. Plaintiff-Appellee is state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}  On April 23, 2021, the Tuscarawas County Grand Jury indicted appellant with one count of murder, one count of aggravated murder and two counts of aggravated robbery. Each count of the indictment contained a 3-year, 5-year, and 6-year firearm specification.

{¶ 3}  Appellant was appointed counsel on April 29, 2021. In a letter to the trial court filed September 17, 2021, appellant requested new trial counsel because his attorney was not suitable to his standards and ineffective. The trial court addressed appellant's motion at a pretrial hearing on September 21, 2021. Counsel for appellant stated he had been to the jail numerous times to go over discovery with appellant and to explain legal concepts relevant to the charges against him. Counsel explained that while there had been no disagreements between he and appellant, appellant nonetheless had expressed his opinion that counsel was not fighting for him. Specifically, appellant requested counsel file motions which counsel believed were frivolous.

{¶ 4}  Under questioning by the court, appellant agreed his counsel had adequately assisted him in every way except for filing the motions he requested. The trial court denied appellant's motion for new appointed counsel, but advised he was certainly free to hire counsel of his choice.

{¶ 5}  On October 1, 2021, following negotiations with the state, in exchange for appellant's pleas the state agreed to dismiss the 5 and 6-year firearm specifications and recommend a sentence of life with parole eligibility after 20 years and 3 years on the firearm specification.

{¶ 6}  Relevant to this matter, during the plea colloquy the trial court inquired:

THE COURT: I know earlier in this case, [appellant], we had a discussion where you had reservations about [counsel for appellant] and you had asked at that time of, of me to appoint a different attorney for you in this case. And I denied that, that request [appellant]. Do you have any, you know, concerns in light of the fact that we've had that discussion? Have you, have you been able to further communicate with [counsel for appellant] since you made that request of me?

[APPELLANT]: Yes.

THE COURT: And have you, have your reservations about [counsel for appellant] been satisfied and are you happy with the representation you've received?

[APPELLANT]: Yes.

{¶ 7}  Transcript of plea, October 1, 2021, 17-18.

{¶ 8}  Appellant further acknowledged in his written Acknowledgement of Guilty Plea signed by appellant the same day he entered his pleas, that he had an opportunity to discuss all matters related to his case with his counsel, had confidence in his counsel, and accepted counsel's representation.  Record at 116.

{¶ 9}   The trial court sentenced appellant to life in prison with the possibility of parole after 23 years.

{¶ 10} Appellant filed this appeal and the matter is now before this court for consideration. He raises one assignment of error for our consideration as follows:

I

{¶ 11} "WHETHER OR NOT THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE APPELLANT'S REQUEST FOR NEW COUNSEL."

{¶ 12} In his sole assignment of error, appellant argues the trial court abused its discretion in denying his request for new counsel because the trial court should have made a specific inquiry as to what motions appellant wanted counsel to file. He further argues counsel provided ineffective assistance. We disagree.

Applicable Law

{¶ 13} The decision whether to discharge court-appointed counsel is within the trial court's sound discretion. *State v. Dukes*, 34 Ohio App.3d 263, 518 N.E.2d 28 (8th Dist.1986). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 14} As explained by our colleagues from the Third District in *State v. Bowman*, 3d Dist. Crawford No. 3-89-18, 1990 WL209806, *2 (Dec. 21, 1990):

The right to counsel guaranteed by the Sixth Amendment of the United

States Constitution and Section 10 Article I of the Ohio Constitution does

not always mean counsel of one's own choosing. *State v. Marinchek* (1983),

9 Ohio App.3d 22, 23. The right to counsel must be balanced against the public's right to prompt, orderly and efficient administration of justice. Moreover, the right of a defendant to select his own counsel is inherent only in the cases where the accused is employing counsel himself. *Thurston v. Maxwell* (1965), 3 Ohio St.2d 92, 93. Therefore, the right to have counsel assigned by the court does not impose a duty on the court to allow the defendant to choose his own counsel. In fact, to discharge a court-appointed attorney, the defendant must show a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel. *State v. Coleman* (1988), 37 Ohio St.3d 286, paragraph four of the syllabus, certiorari denied (1988), 102 L.Ed.2d 238.

{¶ 15} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694, 104 S.Ct. 2052.

Analysis

{¶ 16} We first note that appellant entered negotiated pleas of guilty. As explained by our colleagues from the Eighth District in *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11:

> A defendant who pleads guilty waives all appealable issues, including the right to assert an ineffective assistance of counsel claim, except the defendant may claim ineffective assistance of counsel on the basis that the counsel's deficient performance caused the plea to be less than knowing, intelligent, and voluntary. In such cases, a defendant can prevail only by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. (Citations omitted.)

{¶ 17} Appellant has not argued that his plea was anything other than knowingly, intelligently, and voluntarily made. Moreover, we note appellant bases his claim of ineffective assistance on an undated, self-serving letter written by himself to his current appellate counsel. The letter is not part of the trial court record. A claim requiring proof that exists outside of the trial record cannot appropriately be considered on a direct appeal. *State v. Hartman*, 93 Ohio St.3d 274, 299, 754 N.E.2d 1150 (2001). We may not therefore consider appellant's letter.

{¶ 18} Because appellant has waived the issues raised in this appeal by virtue of his guilty pleas, the sole assignment of error is overruled.

{¶ 19} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By Wise, Earle, P.J.

Gwin, J. and

Baldwin, J. concur.

EEW/rw