[Cite as *State v. Blair*, 2022-Ohio-2572.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. CT2021-0055 |
| SCOTT BLAIR | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common
Pleas, Case No. CR2021-0184


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    July 27, 2022


APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

RONALD L. WELCH    CHRIS BRIGDON
PROSECUTING ATTORNEY    8138 Somerset Road
TAYLOR P. BENNINGTON    Thornville, Ohio 43076
ASSISTANT PROSECUTOR
27 North Fifth Street, P. O. Box 189
Zanesville, Ohio 43702-0189

*Wise, J.*

**{¶1}**    Appellant Scott Blair appeals his conviction and sentence entered in the Muskingum County Court of Common Pleas. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

**{¶2}**    On April 8, 2021, Appellant was indicted on one count of Felonious Assault in violation of R.C. §2903.11(A)(1), one count of Felonious Assault in violation of R.C. §2903.11(A)(2), and one count of Possession of Criminal Tools in violation of R.C. §2923.24.

**{¶3}**    On August 5, 2021, the trial court held a hearing where Appellant sought to discharge counsel. In broad generalities, Appellant told the court his attorney did not listen to his side of the story and was pushing the idea of his guilt. The judge denied Appellant's request.

**{¶4}**    That same day, Appellant entered a plea of guilty of one count of Attempted Felonious Assault in violation of R.C. §2923.02(A) and R.C. §2903.11(A)(1) and one count of Possession of Criminal Tools in violation of R.C. §2923.24(A).

**{¶5}**    On September 15, 2021, the trial court sentenced Appellant to thirty-six months in prison for Attempted Felonious Assault and twelve months in prison for Possession of Criminal Tools to be served concurrently.

## ASSIGNMENTS OF ERROR

**{¶6}**    Appellant filed a timely notice of appeal. He herein raises the following two Assignments of Error:

**{¶7}** "I. SCOTT BLAIR DID NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY PLEAD GUILTY, IN VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTION.

**{¶8}** "II. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING BLAIR'S MOTION TO DISMISS HIS TRIAL COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

**I.**

**{¶9}** In Appellant's first Assignment of Error, Appellant argues his guilty plea was not knowingly, intelligent, and voluntary. We disagree.

**{¶10}** Crim.R. 11(C)(2) sets forth a trial court's duties during a felony plea hearing to address the defendant personally to convey certain information to the defendant and prohibits acceptance of guilt or no contest without performing these duties. *State v. Holmes*, 5th Dist. Licking No. 09 CA 70, 2010-Ohio-428, ¶10. The rule specifically provides:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a)     Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b)     Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c)     Informing the defendant and determining that the defendant understands that by the plea the defendant is waving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶11}  Crim.R. 11(C)(2) contains both constitutional advisements with which a trial court must strictly comply and non-constitutional advisements with which a trial court must substantially comply. In *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, the Supreme Court of Ohio stated at paragraph 19:

A trial court need only substantially comply with the nonconstitutional advisements listed in Crim.R. 11(C)(2)(a). *Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at ¶18. But "[w]hen the trial judge does not substantially comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court partially complied or failed to comply with the rule." (Emphasis sic.) *Clark*, 119 Ohio

St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶32. "If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect." *Id.* But if the trial court completely failed to comply with the rule, the plea must be vacated. *Id.* Complete failure " 'to comply with the rule does not implicate an analysis of prejudice.' " *Id.*, *quoting State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶22.

**{¶12}** In the case *sub judice*, Appellant argues the trial court failed to ensure that he subjectively understood that his guilty plea was a complete admission of guilt.

**{¶13}** The record shows the trial court substantially complied with Crim.R. 11. At the plea hearing, the trial court reviewed with Appellant the rights that he was giving up by pleading guilty, including the right to trial, the right to confront and cross-examine witnesses, the right to call witnesses, and the right to present his own evidence. The trial court advised Appellant that he could not be forced to testify at trial, and that his silence could not be used against him. The court advised Appellant the burden of proof was beyond a reasonable doubt. The State read the facts of the case, and Appellant, through counsel, still wished to enter a plea of guilty.

**{¶14}** While Appellant argues that he claimed innocence at the plea hearing, a review of the transcript is absent of any such claims. Appellant points to nothing in the record indicating at the time of the plea Appellant was maintaining his innocence. In addition, Appellant fails to show or even allege he suffered prejudice.

**{¶15}** Based on the foregoing exchange, we find Appellant knowingly, voluntarily, and intelligently entered his guilty plea.

**{¶16}** Appellant's First Assignment of Error is overruled.

**II.**

**{¶17}** In Appellant's Second Assignment of Error, Appellant argues the trial court abused its discretion by denying Appellant's Motion to Dismiss his trial counsel. We disagree.

**{¶18}** The decision whether to discharge court-appointed counsel is within the trial court's sound discretion. *State v. Dukes*, 34 Ohio App.3d 263, 518 N.E.2d 28 (8th Dist.1986). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶19}** The right to competent counsel does not require that a criminal defendant have a meaningful relationship with counsel. *Morris v. Slappy*, 461 U.S. 1, 13, 103 S.Ct. 1610, 1617, 75 L.Ed.2d 610 (9183); *State v. Blankenship*, 102 Ohio App.3d 534, 657 N.E.2d 559 (12th Dist.1995); *State v. Burroughs*, 5th Dist. No. 04CAC03018, 2004-Ohio-4769, ¶11. To discharge a court-appointed attorney, the defendant must show "a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel." *State v. Coleman*, 37 Ohio St.3d 286, paragraph four of the syllabus, certiorari denied (1988), 102 L.Ed.2d 238. "[C]ounsel's belief in their client's guilt is not good cause for substitution." *State v. Cowans*, 87 Ohio St.3d 68, 1999-Ohio-250, 717 N.E.2d 298 (1999).

**{¶20}** In the case *sub judice*, Appellant contends that his trial counsel believed he was guilty and would not listen to his side of the story. Our review of the record indicates Appellant's counsel was communicating with Appellant and providing Appellant an honest appraisal of the case.

**{¶21}** For these reasons, we do not find any abuse of discretion by the trial court.

**{¶22}** Appellant's Second Assignment of Error is overruled.

**{¶23}** For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.

JWW/br